UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IULIA CHIN LEE,

          Plaintiff,      1:19-cv-01555 (BKS/CFH)

v.

KODAI AMERICA LCC, DONGMING TANG,
and HIDEKO IMAMURA,

          Defendants.

**Appearances:**

*Plaintiff pro se:*
Kingston, New York 12402

*For Defendants:*
Laura Wong-Pan
Law Office of Laura Wong-Pan PLLC
319 Mill Street
Poughkeepsie, New York 12601

**Hon. Brenda K. Sannes, United States District Judge:**

**ORDER**

  Defendants Kodai America LLC, Dongming Tang, and Hideko Imamura ("Defendants") removed this action, (Dkt. No. 1), from New York State Supreme Court, Ulster County, asserting that this Court has subject-matter jurisdiction over Plaintiff Iulia Chin Lee's claims under the federal question statute, 28 U.S.C. § 1331, which grants the federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court."

According to the Notice of Removal, Plaintiff's Second Cause of Action "aris[es] under the laws of the United States, specifically the Internal Revenue Code, 26 U.S.C. § 3101 *et seq.* as amended." (Dkt. No. 1, at 1). Defendants asked the Court to exercise supplemental jurisdiction over the Plaintiff's remaining state claim – her First Cause of Action for breach of contract. (*Id.*, at 2). On December 23, 2019, Defendants filed a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), arguing, inter alia, that Plaintiff's Second Cause of Action fails to state a valid cause of action for violation of the Internal Revenue Code. (Dkt. No. 9-1, at 11–13).

In a telephone conference held on January 29, 2020, Plaintiff sought to voluntarily dismiss her Second Cause of Action and for the case to be remanded to state court. Defendants had no objection to the voluntary dismissal or remand. The Court declines to exercise jurisdiction over the remaining state law claim, and as such, remands it to state court. *See Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006) (explaining that in "the usual case in which all federal-law claims are eliminated before trial . . . the balance of factors to be considered . . . judicial economy, convenience, fairness, and comity . . . will point toward [a district court] declining to exercise jurisdiction over the remaining state-law claims" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Accordingly, it is

**ORDERED** that Plaintiff's Second Cause of Action is dismissed; and it is further

**ORDERED** that this case is remanded to the Supreme Court of the State of New York, Ulster County, Index No. 19-3608; and it is further

**ORDERED** that the Clerk shall mail a certified copy of this order of remand to the clerk of the Supreme Court of the State of New York, Ulster County; and it is further

**ORDERED** that Defendants' Motion to Dismiss (Dkt. No. 9) is denied as moot.

**IT IS SO ORDERED.**

Dated: January 29, 2020
       Syracuse, New York

_Brenda K. Sannes_
Brenda K. Sannes
U.S. District Judge